## STATE

### v.

### Walter DEMERS.

### No. 86–515–CA.

Supreme Court of Rhode Island.

June 1, 1987.

---

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., Providence, for plaintiff.

Robert B. Mann, Providence, for defendant.

Walter Demers pro se.

## OPINION

PER CURIAM.

This is an appeal by Walter Demers from a Superior Court judgment ordering the forfeiture of his bail that has been posted in a number of criminal cases, most of which involved trespassing incidents either in Kent or in Providence Counties. One Kent County charge involved an alleged assault. On March 7, 1987, Mr. Demers, his standby counsel, and a representative of the Attorney General's department appeared before this court to argue whether Mr. Demers's conduct on March 29, 1986, warranted the forfeiture order issued by a justice of the Superior Court. Hereafter we shall refer to the defendant by his last name.

The record indicates that Demers and his wife had been engaged in extended divorce litigation in the Family Court. During the afternoon of Saturday, March 29, 1986, Demers and some companions appeared at the home of the Family Court justice who, at that moment, was considering the evidence presented by the estranged couple. Evidence adduced in the Superior Court at the forfeiture hearing indicates that on March 29, 1986, a Family Court justice was on the deck that is attached to the rear of his home when he observed "some people [come] around the side of the house and [approach] from the [wooded] side of the back yard." At that time the Family Court justice and a neighbor were taking a breather after an unsuccessful attempt to repair a tractor.

According to the Family Court justice's testimony, Demers was accompanied by a female and her two children. Demers had appeared before the Family Court justice on his divorce controversy more than a dozen times prior to the back-yard confrontation. The Family Court justice told Demers that "he shouldn't be there" and asked that he leave the premises. However, Demers continued to discuss his case and the problems he was having with his children, who were subject to the Family Court's jurisdiction. When the Family Court justice indicated to Demers that he should leave, there was no response. During the fifteen-to-twenty-minute interval, Demers was asked on several occasions to leave. He sometimes responded by quoting passages from the Bible, but ultimately he left the premises. His departure was expedited once the Family Court justice indicated a willingness to meet with Demers, his attorney, and the wife's attorney on the following Tuesday morning at the Family Court.

A statutory condition for release on bail is that the accused or the defendant must "in the meantime keep the peace and be of good behavior." G.L. 1956 (1981 Reenactment) § 12–13–1. The Superior Court trial justice concluded that Demers's conduct in going to the Family Court justice's home and refusing to leave the premises after being asked to do so constituted a violation of this provision.

Before us Demers first contends that he was not a trespasser. He cites G.L. 1956 (1981 Reenactment) § 11–44–26, as amended by P.L. 1983, ch. 52, § 1, which in pertinent part provides that

"Every person who wilfully trespasses or having no legitimate purpose for his presence, remains upon the land of another * * * after having been forbidden to do so * * * shall be punished by a fine not exceeding five hundred dollars ($500) or by imprisonment not exceeding six (6) months or by both * * *."

Demers believes that since he went to the Family Court justice's home out of concern for his daughter, he had a "legitimate purpose" and was thus immune from the sanctions of § 11–44–26.

This position, of course, overlooks the fact that the statute can be violated in two ways: either by a willful trespass or by the entry of an individual having no legitimate

purpose for coming onto the land of another and remaining there "after having been forbidden to do so." Here there is no question that Demers willfully trespassed upon the Family Court justice's property, and his purpose in doing so is not relevant unless one relies on the legitimate-purpose portion of the statute, if at all.

No one quarrels with the notion that a parent's concern for his child's welfare is commendable; however, if we were to adopt Demers's position, this court would be in a contradictory position from that in *State v. Champa*, 494 A.2d 102, 104–05 (R.I. 1985), where a group of individuals sought to dramatize their opposition to nuclear war by trespassing upon the Quonset Point premises of the Electric Boat division of the General Dynamics Corporation. There we rejected the defendant's invocation of the defense of necessity or justification. What we said in *Champa* applies equally well here.

Demers offers a second defense that the Family Court justice was not specific in ordering him to leave. However, the record clearly indicates that on numerous occasions during Demers's stay on the deck he was asked to leave. As noted earlier, Demers had been charged under the trespass statute several times during the year of 1985. We just can't believe that he was unaware of the letter or the spirit of the law.

Finally, it also should be noted that the standard of proof applied at a bail-revocation hearing is considerably less demanding than the standard of proof required to prove guilt in a trial. *Mello v. Superior Court*, 117 R.I. 578, 370 A.2d 1262 (1977). It is our belief that the forfeiture of bail was amply justified by the circumstance presented to the Superior Court justice.

The defendant's appeal is denied and dismissed. The case is remanded to the Superior Court for further proceedings.

FAY, C.J., did not participate.