**STATE**

v.

**Walter DEMERS.**

**No. 86–515–C.A.**

Supreme Court of Rhode Island.

July 3, 1987.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., Providence, for plaintiff.

Robert B. Mann, Providence, for defendant.

Walter Demers, pro se.

## OPINION

**PER CURIAM.**

On June 1, 1987 this court published an opinion, 525 A.2d 1308, affirming a Superior Court order calling for the forfeiture of bail posted by the defendant in several pending criminal cases. Most of the criminal complaints concerned trespassing episodes that occurred in either Providence or Kent County. One other complaint involved an alleged assault. We have before us a petition to reargue filed by the defendant's standby counsel. Counsel was appointed by this court to assist the defendant in prosecuting his appeal. The issue counsel raises is worthy of some comment. Hereafter we shall refer to the defendant by his last name (Demers).

The issue presented arises because a justice of this court, while conducting a series of prebriefing conferences held pursuant to the terms of our Provisional Order No. 16, upon hearing that Demers was insisting that he be allowed to be present and participate with his standby counsel at the conference, entered an order assigning the appeal for a hearing on this court's show cause calendar. Consequently, no prebriefing conference was held and the appeal was immediately assigned to the show cause calendar without further discussion. The record indicates that on March 3, 1987, both Demers and his counsel appeared before this court and argued the issue of whether cause has been shown. On June 1, 1987, this court issued an opinion denying and dismissing Demers's appeal.

In seeking reargument, Demers's counsel claims that the conference justice's assignment of Demers's appeal to the March 3, 1987, show cause calendar violated his constitutional right to represent himself, a right guaranteed, he claims, in both the federal and state constitutions. He bases his federal claim on the holdings of *McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) and *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). He rests his state claim upon language found in art. I, sec. 10 of the Rhode Island Constitution that states that in all criminal proceedings the accused shall be at liberty to speak for himself. These contentions overlook the purpose of our prebriefing conferences.

Provisional Order No. 16 provides that within twenty days after the record in a criminal case has been filed with the clerk of this court, the appellant must file a statement consisting of no more than five pages which shall include a brief summary of the facts, an outline of the errors claimed, and the rationale upon which relief should be granted. Within fifteen days of the filing of the appellant's brief, the appellee must file a similar statement explaining why relief should not be granted. The appeal is then placed on the prebriefing calendar. During the court year each associate justice holds a monthly prebriefing conference. Present at such conferences

are counsel for all parties. Once the conference is over, the rule then affords a conference justice with a variety of appropriate measures to be taken: (1) the appeal may proceed to full briefing and argument; (2) a special briefing schedule may be set forth for an individual case specifically assigned for oral argument and submission; (3) appeals may be consolidated; (4) a remand may be made for the specific purpose of an evidentiary hearing and necessary orders issued; (5) an order may be issued to the appellant to appear before this court prior to briefing and show cause why the judgment or order appealed from should not be summarily affirmed without further briefing or argument; (6) a show cause order may be issued requiring the appellee to appear before this court to show cause why the judgment or order appealed from should not be summarily vacated without any further briefing or argument.

It is clear that Provisional Order No. 16 is, in actuality, a scheduling device. It determines in what manner an appeal will be presented to this court. The conference justice at no time makes a determination of the merits of the appeal. The determination occurs whenever the case comes before the court. It is equally apparent that on March 3, 1987, Demers was given the opportunity "to speak" for himself with the assistance and expert advice of a distinguished member of the Rhode Island Bar.

The petition to reargue is denied and dismissed.

FAY, C.J., did not participate.